# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID LETTIERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00045-SPM |
| | ) | |
| KEEFE GROUP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court for review of Plaintiff David Lettieri's Complaint and Motion to Proceed in Forma Pauperis. [ECF Nos. 1 and 2]. For the reasons explained below, the Court will deny Plaintiff's Motion and give him 21 days to pay the $405 filing fee.

Plaintiff is incarcerated in the Federal Medical Center, Devens (FMC Devens) in Ayer, Massachusetts. He is serving a 240-month sentence imposed in the Western District of New York after a jury found him guilty of one count of enticement of a minor. *See United States v. Lettieri*, No. 1:21-cr-00020 (W.D.N.Y. May 28, 2024). Plaintiff filed the instant Complaint on or about January 12, 2026, against Keefe Group, the Bureau of Prisons, FMC Devens, and against three individuals he identifies as B. Cinnutu, D. English, and S. Gonduluz.  He alleges as follows.

On November 27, 2025, Plaintiff purchased an episode of a TV show called "Agents of Shield" for viewing on his tablet. Plaintiff complains that he was only allowed to rent his TV show for 24 hours, and unfortunately, he was unable to view parts of the show. Plaintiff believes that this was a breach of contract.

Plaintiff additionally complains about a second incident that occurred on March 27, 2025. He states that on that date he met with B. Cinnutu, D. English, and S. Gonduluz about filing

grievances, and was threatened with transfer to a possibly more dangerous facility where he could be stabbed.  He additionally claims that he was placed in a special housing unit for 58 days on a "false ticket."  He states that while in the special housing unit, he was assaulted by another inmate and his wrist ended up bleeding and coughing up blood. He believes "medical" breached a "duty of care" relating to his injuries, but he does not indicate who exactly in medical breached such a duty. Plaintiff seeks monetary relief in this action.

Plaintiff is a "prisoner" as defined in 28 U.S.C. § 1915(h) and is subject to the provisions of the Prison Litigation Reform Act of 1996 ("PLRA"). The PLRA "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of those reforms is what is commonly described as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012).  It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Publicly available federal court electronic records show that since 2023, Plaintiff has filed numerous cases in federal district courts across the country. At least one federal district court has deemed him a vexatious and abusive litigant and restricted his ability to file cases. *See In re: David C. Lettieri*, No. 1:23-mc-00032 (W.D.N.Y. Oct. 24, 2025). Plaintiff has, while incarcerated, brought at least 3 civil actions that were dismissed for failure to state a claim upon which relief may be granted. *See Lettieri v. Daniels*, No. 1:23-cv-00867 (W.D.N.Y. Oct. 16, 2023); *Lettieri v. Federal Marshals*, No. 4:23-cv-02202 (N.D. Ohio Nov. 30, 2023); and *Lettieri v. T-Mobile*, No.

2:24-cv-00028 (W.D. Wash. Apr. 18, 2024). As a result, this Court cannot grant him leave to proceed in forma pauperis unless his complaint demonstrates that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that it does not show that Plaintiff is under imminent danger of serious physical injury. Plaintiff's allegations about being unable to watch all of the TV show he purchased do not establish imminent danger. Plaintiff also states he was wrongfully placed in a special housing unit for 58 days where he was assaulted, and he claims that he experienced symptoms that were not medically addressed. But allegations of past harm do not trigger the imminent danger exception to section 1915(g). *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  Finally, Plaintiff states he was threatened with transfer to a possibly more dangerous facility where he might be stabbed. But Plaintiff's allegations are entirely conclusory, and too speculative to establish imminent danger of serious physical injury. As a result, this Court is unable to grant Plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(g). The Court will deny Plaintiff's Motion and give him 21 days to pay the $405 filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis [ECF No. 2] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $405 filing fee within 21 days of the date of this Order. Plaintiff's failure to timely pay the $405 filing fee will result in the dismissal of this case.

Dated this 14th day of January, 2026

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE